

U.S. Department of Justice

United States Attorney
Southern District of Mississippi

501 East Court Street, Suite 4.430      (601) 965-4480
Jackson, Mississippi 39201

VIA ELECTRONIC CASE FILING     April 30, 2025

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: *United States v. Cockerham,* No. 24-60401 (Apr. 29, 2025 calendar)

Dear Mr. Cayce:

This letter brings the recently issued opinion in *United States v. Schnur*, 132 F.4th 863 (5th Cir. 2025), to the Court's attention. The *Schnur* opinion confirms that our nation has a tradition of disarming or more severely punishing individuals whose underlying conviction involved theft. *Id*. at 870-71 (quoting *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024)).

As mentioned during oral argument, this holding from *Schnur* helps resolve Cockerham's as-applied challenge. Cockerham's non-payment of child support results in a harm to his victims that is analogous to crimes involving the wrongful taking of property, principally theft. This is consistent with the Sentencing Guidelines' treatment of the federal failure-to-pay-child-support offense as a theft offense under the guidelines. *See* Gov't Br. 11-12 (citing U.S.S.G.).

In *Diaz*, this Court stated that theft qualifies as a predicate offense for purposes of as-applied challenges to § 922(g)(1). *Diaz*, 116 F.4th at 468-71; *see also United States v. Collette*, 2024 WL 4457462 (5th Cir. 2024) (may constitutionally disarm those with theft convictions). This Court recently re-affirmed that holding in *Schnur*. 132 F.4th at 870-71 (extending the historical analogue accepted by this Court in *Diaz* to robbery).

Cockerham's failure to pay child support—while not a dead ringer or historical twin to theft or similar crimes involving the wrongful taking of property—has a relevantly similar thievery characteristic, as it results in financial loss to victims and

inflicts harm on the child and custodial parent by not providing them funds owed under law.  By analogy, the harsh penalties imposed for theft at the Founding supports the lesser penalty of disarmament here.

      This theft analogue, which this Court has used in *Diaz*, *Collette*, and now *Schnur*, supports the conclusion that Cockerham's disarmament is constitutional.

Respectfully,

PATRICK A. LEMON
*Acting United States Attorney*
*Southern District of Mississippi*

cc:    Michael L. Scott         By:    /s/ *Jennifer Case*
      Victoria McIntyre                 JENNIFER CASE
      *Counsel for appellant*          *Assistant U.S. Attorney*
      (via electronic filing)