# FEDERAL PUBLIC DEFENDER
## NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI

OMODARE B. JUPITER
Federal Public Defender

First Assistant
ABBY BRUMLEY EDWARDS
Senior Litigator
MICHAEL L. SCOTT
Assistant Federal Public Defender
PRINCESS ABBY
Research & Writing Specialists
TOM C. TURNER
CARMEN G. CASTILLA
ALEXANDRA R. ROSENBLATT

200 SOUTH LAMAR STREET ~ SUITE 200-N
JACKSON, MISSISSIPPI 39201
(601) 948-4284 FACSIMILE (601) 948-5510

1200 JEFFERSON AVENUE ~ SUITE 100
OXFORD, MISSISSIPPI 38655
(662) 236-2889 FACSIMILE (662) 234-0428

2510 14th STREET ~ SUITE 902
GULFPORT, MISSISSIPPI 39501
(228) 865-1202 FACSIMILE (228) 867-1907

Oxford
Assistant Federal Public Defenders
GREGORY S. PARK
M. SCOTT DAVIS
MERRILL K. NORDSTROM
Research & Writing Specialist
KIGER L. SIGH

Gulfport
Assistant Federal Public Defenders
LEILANI L. TYNES
CRAIG T. ROSE
Research & Writing Specialist
VICTORIA E. McINTYRE

May 5, 2025

Mr. Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

    Re:    <u>United States v. Cockerham</u>, No. 24-60401: Response to Government's Rule 28(j) Letters [ECF 72, ECF 73, ECF 76]

Dear Mr. Cayce:

This Court has noted: "Counsel sometimes file a FRAP 28(j) letter after oral argument, ostensibly to provide information requested by the court, but make supplemental argument in the filing. As an initial matter, unless a panel member specifically requests information, counsel should not present additional matters." *Important Note Regarding FRAP 28(j) Filings*, available at https://www.ca5.uscourts.gov/docs/default-source/default-document-library/important-note-regarding-frap-283137a70547c26210bd33ff0000240338.pdf?sfvrsn=89f5c52d_10.

The letters filed by the Government do not fall within the proper purposes of Rule 28(j), however, counsel provides a brief response here.

For the reasons outlined in his reply brief, ECF 44, 6-9, and discussed at oral argument, theft is not sufficiently analogous to failure to pay child support to justify Mr. Cockerham's lifetime disarmament consistent with the Second Amendment. Theft does not encompass the modern crime of failure to pay child support, which is generally a civil penalty and is the failure to pay an obligation to a third party, not a

1

physical taking of something from another as the crime of theft has been historically understood. Moreover, the "why" justification described in *United States v. Diaz*, 116 F.4th 458, 469 (5th Cir. 2024)—"to deter violence and lawlessness"—is not relevantly similar to the justification behind the crime of failure to pay child support, *i.e.*, to help cover the costs of raising and providing for a child. Accordingly, the analysis in *United States v. Schnur*, 132 F.4th 863, 871 (5th Cir. 2025) discussing "theft-related" felonies is not useful.

*United States v. Quiroz*, 125 F.4th 713, 723 (5th Cir. 2025), addressing the constitutionality of 18 U.S.C. § 922(n), explains that "providing evidence that there is a relevantly similar historical analogue is the government's burden." The Government wholly failed to present relevantly similar historical analogues here. Accordingly, any suggestion that this burden can shift to the defendant is inapplicable in this case. ECF 73, 1

Finally, the Government's letter highlighting out-of-circuit opinions predating oral argument, ECF 76, is not useful to this Court's consideration of Mr. Cockerham's appeal under the framework in this Circuit set out by *Diaz*.

Respectfully,

OMODARE B. JUPITER
Federal Public Defender

By: */s/ Victoria McIntyre*

Cc: Jennifer Case
Gaines Cleveland
*Counsel for Appellee*

VICTORIA E. MCINTYRE
MICHAEL L. SCOTT
*Counsel for Appellant*